


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3-09CR-323-P |
| | § | |
| DWAYNE CAVANAUGH | § | |

## PLEA AGREEMENT

Dwayne Cavanaugh, Chris Lewis, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Cavanaugh understands that he has the rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Cavanaugh waives these rights and pleads guilty to the offense alleged in Count One of the Information, charging violations of 18 U.S.C. §2252A, that is Receipt of Child Pornography. Cavanaugh understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The minimum and maximum penalties the Court can impose include:

Count One:

    a. imprisonment for a period not less than five years and not to exceed 20 years;

    b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release of any term of years to life may follow any term of imprisonment. If Cavanaugh violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, which may be mandatory under the law,

    f. costs of incarceration and supervision, and

    g. forfeiture of property.

4. **Court's sentencing discretion and role of the Guidelines**: Cavanaugh understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Cavanaugh has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Cavanaugh will not be allowed to withdraw his plea if his sentence is higher than expected. Cavanaugh fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.  **Mandatory special assessment**: Prior to sentencing, Cavanaugh agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6.  **Defendant's agreement**: Cavanaugh shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Cavanaugh shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

7.  **Government's agreement**: The government will not bring any additional charges against Cavanaugh based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Cavanaugh or any property.

8.  **Forfeiture**: Cavanaugh agrees to forfeit all his right, title, and interest in the following property to the United States of America:

One Dell Inspiron Laptop computer, serial number 19385092621 seized at 2300 Rowlett Rd., Suite 102, Rowlett, Dallas County, Texas on November 25, 2008; and one generic tan colored CPU seized from 6618 Falcon, Rowlett, Dallas County, Texas on November 26, 2008.

Plea Agreement - Page 3

Cavanaugh waives all right, title, and interest in the above-described property in any federal administrative or judicial forfeiture proceeding, whether criminal or civil. He further agrees the above-described property is subject to forfeiture pursuant to 18 U.S.C. § 2254 and agrees to the forfeiture of the above-described property in the administrative forfeiture proceeding, and if he has filed claims to the above-described property in such a proceeding, he now withdraws those claims and will execute the necessary documents to withdraw said claims and any other documents as requested by the government to effect the forfeiture of the above-described property and the transfer of his interest in them to the government.

Cavanaugh waives any time limits regarding the filing of an administrative forfeiture proceeding concerning the above-described property as provided in 18 U.S.C. § 2254 or any other applicable statute of limitations. He agrees to provide truthful information and evidence necessary for the government to effect the forfeiture of the above-described property. He also agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-described property.

9.  **Violation of agreement**: Cavanaugh understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Cavanaugh for all offenses of which it has knowledge. In such event, Cavanaugh waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Cavanaugh also waives objection to the use against

him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**: Cavanaugh waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Cavanaugh, however, reserves the rights (a) to bring a direct appeal of (I) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel**: Cavanaugh has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Cavanaugh has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Cavanaugh has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of plea agreement**: This document is a complete statement of the parties' plea agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 5Th day of November, 2009.

JAMES T. JACKS
UNITED STATES ATTORNEY

*[signature]*
DWAYNE CAVANAUGH
Defendant

*[signature]*
CAMILLE E. SPARKS
Assistant United States Attorney
Texas State Bar No. 00790878
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8794
Facsimile: 214.767.2846
Email: Camille.Sparks@usdoj.gov

*[signature]*
CHRIS LEWIS
Attorney for Defendant
Texas State Bar No. 24004765

*[signature]* 10-19-09
LINDA GROVES
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

*[signature]*
DWAYNE CAVANAUGH
Defendant

11/3/09
Date

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. Section 2250, which is punishable by a fine or imprisonment or both.

_____          11/3/09
DWAYNE CAVANAUGH                    Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          11·3·09
CHRIS LEWIS                         Date
Attorney for Defendant

Plea Agreement - Page 7